**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:16CV-P186-GNS**

**JEREMY WAYNE WILLIAMS** *et al.*                                                         **PLAINTIFFS**

v.

**HARDIN COUNTY DETENTION CENTER** *et al.*                                **DEFENDANTS**

**MEMORANDUM AND ORDER**

Three Plaintiffs, Jeremy Wayne Williams, Charles L. Wooten, and Stephen Todd Hines, filed the instant *pro se* 42 U.S.C. § 1983 action jointly.  However, only Plaintiff Williams filed an application to proceed without the prepayment of fees (DN 3), which the Court granted (DN 5).  By Memorandum and Order entered May 10, 2016, the Court ordered Plaintiffs Wooten and Hines to tender a one-third portion of the $400.00 filing fee ($133.33) or each file an application to proceed without prepayment of fees along with a certified copy of his prison trust account statement for the six months immediately preceding the filing of this action within 30 days.  The Court warned Plaintiffs that any Plaintiff who failed to comply with the Order would be dismissed as a Plaintiff to this suit and would remain responsible for payment of his portion of the filing fee.

More than 30 days have passed, and neither Plaintiff Wooten nor Hines paid the one-third portion of the filing fee or filed an application to proceed without the prepayment of fees.  Upon filing the instant action, Plaintiffs assumed the responsibility to actively litigate their claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other

procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiffs Wooten's and Hines's failure to comply with the Court's Memorandum and Order shows a failure to pursue this case. Accordingly,

**IT IS ORDERED** that the claims by Plaintiffs Wooten and Hines are **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is **DIRECTED to terminate** Plaintiffs Wooten and Hines as parties to this action.

Dismissal of this action does not relieve Plaintiffs of their responsibility to pay the requisite filing fee in this action. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The obligation to pay the filing fee attaches when a prisoner "brings a civil action." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). "If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution." *McGore*, 114 F.3d at 605.

Accordingly, the prior Memorandum and Order (DN 6) obligating Plaintiffs Wooten and Hines each to pay a one-third portion of the filing fee ($133.33) in this action remains in full effect.

IT IS THEREFORE ORDERED that the Hardin County Detention Center shall collect and forward the $133.33 filing fee from each of Plaintiffs Wooten's and Hines's inmate accounts to the Clerk for payment of their portions of the fee.  The payments shall be sent to the following address:

> Office of the Clerk
> United States District Court
> Western District of Kentucky
> 106 Gene Snyder U.S. Courthouse
> 601 West Broadway
> Louisville, KY  40202-2249

The **Clerk of Court is DIRECTED** to open accounts for the payment of the filing fees.

Date: June 27, 2016

> Greg N. Stivers, Judge
> United States District Court

cc: Plaintiffs, *pro se*
    Financial Section, USDC, WDKY
    Hardin County Detention Center

4416.010