UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16CV-P186-GNS

**JEREMY WAYNE WILLIAMS**                                           **PLAINTIFF**

v.

**HARDIN COUNTY DETENTION CENTER** *et al.*                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Wayne Williams filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff Williams was an inmate at the Hardin County Detention Center (HCDC) when he brought this suit. He originally filed the complaint jointly with two other inmates. However, by prior Memorandum and Order (DN 9), the Court dismissed the claims by the other two inmates pursuant to Fed. R. Civ. P. 41(b). Therefore, only the claims by Plaintiff Williams (hereinafter "Plaintiff") are before the Court.

For the reasons stated below, the Court will allow some claims to proceed and direct Plaintiff to file an amended complaint to name specific individuals whom he alleges are responsible for his injuries.

I.

Plaintiff is currently an inmate at the Roederer Correctional Complex. His complaint concerns his previous incarceration at HCDC. Plaintiff indicates on the complaint form that he is a convicted inmate. He names the following Defendants: HCDC; "HCDC Medical Staff"; Southern Health Partners; HCDC Jailer Danny Allen; Christy Curry, RN; and Lisa, whom

Plaintiff identifies as a "Psyche Nurse."  He sues all Defendants in their official and individual capacities.

Plaintiff states that while he was housed at HCDC from June 9, 2015, to March 1, 2016, he "filled out the proper medical request sick call slip form (SHP form 11/2014) from Southern Health Partners provided to [HCDC] medical staffs – Medical department regarding his mental health issues and psychological conditions."  He states that in August 2015 he "was placed in an observation cell due to being a harm to others and/or himself" for seven days.  He states that during this time he "informed medical that he is a disabled veteran that received medication and been diagnosed with borderline bipolar, manic-depression, and ADD."  Plaintiff maintains that the medical staff had him sign medical release forms to obtain his mental health records from U.S. Department of Veterans Affairs (VA) and the Kentucky Department of Corrections.  He reports that he previously had been "prescribed Risperdal and Depacote from the VA for underlying mental health issues" and that he had been diagnosed by a psychiatrist with "acute anxiety disorder and moderate recurrent depression and was prescribed Celexa along with other medications throughout his incarceration from 2005-2015."

Plaintiff maintains that, while the HCDC medical staff requested his mental health records and "were made aware of his mental health issues and psychological conditions, they failed to provide psychiatric care/counseling, medical treatment, or prescribe the proper medications and refused him of his right to medical care or treatment."  Plaintiff states, "On several requests, the medical staff wrote back on a request that, 'if it isn't/wasn't life threatening than they don't have to treat [him]!'  [Brackets by Plaintiff.]  They also told him to wait until he was sentenced and have DOC take care of his problem."  He further states, "Numerous other times either refused to answer or denied his requests and grievances."  He also represents that

2

"the doctor from Southern Health Partners wouldn't reissue his eye drops (Ciprofloxacin) or a trial dosage of Depacote."

Plaintiff states that he "eventually informed his attorney Eric Bates regarding not receiving mental health treatment and wrote his judge, Ken Howard a letter regarding HCDC medical staff not providing treatment . . . which is in fact, part of the Court record in plaintiff's 15-CR-00369 case."

Plaintiff alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution and Section 17 of the Kentucky Constitution. As relief, Plaintiff seeks compensatory and punitive damages and attorney's fees and costs.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

3

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### *Defendants HCDC, HCDC Medical Staff, and Southern Health Partners*

Plaintiff alleges that he was denied medical and mental health treatment in violation of the Eighth and Fourteenth Amendment of the United States Constitutions and Section 17 of the Kentucky Constitution. "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause" while convicted inmates are

4

protected by the Eighth Amendment's Cruel and Unusual Punishments Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment, and the same analysis applies to both. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

Because Plaintiff indicates that he is a convicted inmate in the complaint form, the Court will dismiss Plaintiff's claim under the Fourteenth Amendment.

With regard to the claim against HCDC, municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against HCDC as claims against Hardin County.

Upon review, the Court finds that Plaintiff has stated sufficient grounds to allow claims under the Eighth Amendment and Section 17 of the Kentucky Constitution to proceed past initial screening against Hardin County, HCDC Medical Staff, and Southern Health Partners.

### *Defendants Allen, Curry, and Lisa*

Defendants Allen, Curry, and Lisa are listed in the complaint form as Defendants. However, Plaintiff does not state specific allegations against these Defendants in the body of his complaint or state how they were directly involved in the alleged events. Moreover, it is unclear whether these Defendants were named because they were involved in the actions alleged by the

two dismissed inmates. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff fails to state in the complaint the grounds for seeking relief against Defendants Allen, Curry, and Lisa, and the claims against these Defendants are subject to dismissal.

      To the extent Plaintiff is attempting to sue Allen in his capacity as the Jailer of HCDC, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*,

199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant Allen directly participated in the alleged unconstitutional conduct. Therefore, any claims against Defendant Allen based on his role as Jailer must also be dismissed for failure to state a claim.

*Opportunity to amend*

Upon review of the complaint, the Court finds that Plaintiff has made allegations that may survive initial screening if he had sued the individuals who allegedly participated in the conduct. Therefore, before dismissing any claims, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged constitutional violations.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). **Plaintiff must sue any newly named Defendants in their individual capacities.**

IV.

Accordingly,

**IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint with respect to his claims of denied medical and mental health treatment.** Plaintiff shall name as Defendants the individuals whom he alleges are responsible for his injuries with respect to these claims and state specifically the factual allegations against them. The Clerk of Court is **DIRECTED** to place the

case number and word "Amended" on a § 1983 complaint form and send it, along with three

summons forms, to Plaintiff for his use should he wish to amend the complaint.

Date: September 19, 2016

                                                 **Greg N. Stivers, Judge**
                                                 **United States District Court**

cc:     Plaintiff, *pro se*
         Defendants
         Hardin County Attorney
4416.010