UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16CV-P186-GNS

**JEREMY WAYNE WILLIAMS**                                                  **PLAINTIFF**

v.

**HARDIN COUNTY DETENTION CENTER** *et al.*              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeremy Wayne Williams, an inmate now housed at the Eastern Kentucky Correctional Complex, filed the instant *pro se* action concerning his previous incarceration at the Hardin County Detention Center (HCDC). He named the following Defendants: HCDC; "HCDC Medical Staff"; Southern Health Partners; HCDC Jailer Danny Allen; Christy Curry, RN; and Lisa, whom Plaintiff identifies as a "Psyche Nurse." Upon initial review of this matter pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims of denial of medical and mental health treatment in violation of the Eighth Amendment of the United States Constitution and Section 17 of the Kentucky Constitution to proceed against Hardin County,[1] HCDC Medical Staff, and Southern Health Partners. The Court also found that Plaintiff had failed to state specific allegations against Defendants Allen, Curry, and Lisa and that the claims against these Defendants therefore were subject to dismissal. The Court further found that Plaintiff had made allegations that may have survived initial screening if he had sued the individuals who allegedly participated in the conduct. Therefore, the Court gave Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged constitutional violations.

---

[1] The Court construed the claims against HCDC as brought against Hardin County.

Plaintiff filed an amended complaint again naming as Defendants Curry, Lisa, and Jailer Allen. In addition, Plaintiff also filed a motion for summary judgment (DN 20). However, Defendants have not yet filed an answer, and no discovery has been conducted. Since this matter is still at the initial review stage, a motion for summary judgment is premature. Therefore, **IT IS ORDERED** that Plaintiff's motion for summary judgment (DN 20) is **DENIED**.

Upon initial review of the amended complaint, the Court will dismiss Plaintiff's § 1983 claim against Defendant Allen and will allow Plaintiff's § 1983 claims against Defendants Curry and Lisa and a state-law failure-train-and-supervise claim against Defendant Allen to proceed for further development.

**I.**

In the amended complaint, Plaintiff sues Defendants Curry, Lisa, and Allen in their official and individual capacities. With regard to Defendant Curry, Plaintiff states as follows:

> Christy Curry is involved because she is the Nurse Practitioner over the medical department at HCDC and is the individual who answered majority of sick call requests and grievances that was filed while at HCDC. She is the person who stated, 'if it wasn't/isn't life threatening than we don't have to treat you [him]' and 'to wait until he was sentenced and have DOC take care of his problem.' [Brackets by Plaintiff.] And also, the nurse plaintiff spoke to when put in the observation cell for seven days in August 2015. . . . Majority of the decision for the medical department are made by Christy Curry and the weight falls upon her shoulders.

Plaintiff describes the involvement of Defendant Lisa as follows:

> The next person directly involved is Lisa 'Psyche Nurse.' . . . She is the psychologist (psych nurse) that's suppose to handle any complaints or inmates with psychological issues or needed medication. Plaintiff waited over 3 months wanting to speak with Lisa and didn't get to speak with her until he was in the observation cell, even though he sent several sick call request forms to her to be seen. During the time in the observation cell, that's when she had plaintiff, Jeremy Williams sign and fill out the Medical/Mental Health Information Authorization Release Forms so HCDC can obtain his mental health records from U.S. Dept. of Veterans Affairs (VA) and Kentucky Dept. of Corrections. Although, she sent off for the records, that way she can know the symptoms and

2

get proper diagnosis, she failed to do anything or get medication prescribed when she was aware that mental issues or illness is present. Therefore he was denied psychiatric care/counseling, medication, and was refused the right to medical care especially when HCDC medical personnel (staff) had proof plaintiff suffers from mental illness and was in need of medication.

Plaintiff also describes the involvement of Defendant Allen:

[Allen] had a duty to act upon the grievances filed on his employees, medical department by Plaintiff Williams, and by not inquiring into the complaint, and failing to properly train or advise his staff on resolving the continuous violation of his Constitutional Rights . . . . [Allen] was made aware on several occasions, that Plaintiff sought his assistance by filing grievances against his staff, for failing to provide medical, mental health care, and medication. This would amount to 'deliberate indifference' . . . . Any matter that needs to be resolved, and brought to the Jailer Danny Allen's attention on several grievance appeals directly links his involvement, and him being the main policymaking authority at HCDC or for Hardin County at the jail; thereby, holds him liable for deprivation of Plaintiff's Constitutional rights.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

*Official-capacity claims*

Plaintiff's official-capacity claims against Defendants Curry, Lisa, and Allen are construed as claims brought against their employer, either Hardin County or Southern Health

4

Partners. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In its prior Memorandum Opinion and Order, the Court allowed Plaintiff's claims to continue against Hardin County and Southern Health Partners. Plaintiff's official-capacity claims against these Defendants are redundant to and subsumed by the continuing claim against Hardin County and Southern Health Partners. *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (Krupansky, dissenting) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."); *Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action). Therefore, the official-capacity claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

*Individual-capacity claims*

Upon review, the Court will allow Plaintiff's claims of denial of medical and mental health treatment under § 1983 to proceed against Defendants Curry and Lisa in their individual capacities.

With regard to Defendant Allen, as the Court discussed more fully in its prior Memorandum Opinion and Order, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to

establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)).

Moreover, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Upon review of the amended complaint, the Court finds that the allegations against Defendant Allen in connection with the alleged denial of medical and mental health treatment

concern Defendant Allen's failure to act on Plaintiff's complaints and grievances and not his direct involvement. The allegations are insufficient to support individual liability on the part of Defendant Allen for denial of medical or mental health treatment. Therefore, Plaintiff's § 1983 claim against Defendant Allen in his individual capacity will be dismissed for failure to state a claim.

However, the Court will also allow Plaintiff's state-law claim of failure to train and supervise to continue against Defendant Allen.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's § 1983 official-capacity claims against Defendants Curry, Lisa, and Allen and his § 1983 individual-capacity claim against Defendant Allen are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been permitted to proceed.

Date: January 24, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Hardin County Attorney
4416.010